UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

**FILED**

AUG 0 4 2016

CLERK

**SUPERIOR AGRONOMY SOLUTIONS, LLC,**

Plaintiff,

vs.

**ANTHEALTH, LLC,** an Iowa Limited Liability
Company**, JAMES DEN BOER,** and **SARAH VANDER POL**,

Defendants.

CIV. _16 - 4112_

**COMPLAINT**

Superior Agronomy Solutions, LLC ("Superior Agronomy"), for its Complaint against

ANTHEALTH, LLC ("ANTHEALTH"), James Den Boer, and Sarah Vander Pol (collectively

"Defendants"), states and alleges as follows:

**PARTIES**

1.      Superior Agronomy is a limited liability company organized and existing under the

laws of the State of Missouri, with its principal place of business in Missouri.

2.      Defendant ANTHEALTH, LLC, is a limited liability company organized and existing

under the laws of the State of Iowa, with its principal place of business in Lyon County, Iowa.

3.      On information and belief, Defendant James Den Boer is a resident of Minnehaha

County, South Dakota. On information and belief, Defendant James Den Boer was Manager of

ANTHEALTH at all times material until at least December 31, 2012.

4.      Defendant Sarah Vander Pol is a resident of Lyon County, Iowa. Defendant Sarah

Vander Pol at all times material was and is the President of ANTHEALTH.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction of this civil action pursuant to 28 U.S.C.§ 1332(a) based on the diversity of citizenship of the parties, and the fact that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events of omissions giving rise to the claims occurred in this District, and, on information and belief, a substantial part of property that is the subject of the action is situated in this District.

## FACTUAL BACKGROUND

7.      In April 2012, Defendant James Den Boer, representing himself as Manager of ANTHEALTH and as a Member of a Wyoming limited liability company styled of American Pinnacle Meats, LLC, ("APM") headquartered in Sheridan, Wyoming, approached the Managing Member of Superior Agronomy, Dr. David Sasseville, fraudulently misrepresenting that APM would shortly acquire ANTHEALTH.

8.      Through a series of phone and email conversations, Defendant James Den Boer fraudulently misrepresented to Dr. Sasseville that APM was preparing to acquire ANTHEALTH on or about June 1, 2012, for $6.5 million, a substantial premium over ANTHEALTH's existing book value.

9.      On information and belief, Defendant James Den Boer at the time he made those misrepresentations knew that APM had neither the resources nor the support of the majority of its members for that acquisition. Defendant James Den Boer had no reasonable ground for believing that APM would acquire ANTHEALTH.

2

10. Defendant James Den Boer intended by misrepresenting the market prospects and investor interest in ANTHEALTH to induce Dr. Sasseville to invest in ANTHEALTH.

11. Defendant James Den Boer further misrepresented to Dr. Sasseville that a provisional, pro-forma draft purchase document ("Purchase Document"), one not intended by any of the signatories to be a good-faith offer or contract, to be a finalized and effective contract on the part of APM to acquire ANTHEALTH. That document is attached as Exhibit A.

12. On information and belief, Defendant James Den Boer did not believe the Purchase Document to be a good-faith offer or contract. Defendant James Den Boer had no reasonable ground for believing Exhibit A was a valid contract.

13. Defendant James Den Boer intended by misrepresenting Exhibit A to Dr. Sasseville to induce Dr. Sasseville to invest in ANTHEALTH.

14. Defendant James Den Boer represented to Dr. Sasseville that Defendant James Den Boer was an owner of ANTHEALTH.

15. However, Defendant James Den Boer was not an owner of ANTHEALTH and knew himself not to be an owner of ANTHEALTH. Defendant James Den Boer had no reasonable ground to believe himself to be owner of ANTHEALTH.

16. Defendant James Den Boer intended by misrepresenting his ownership interest in ANTHEALTH to induce Dr. Sasseville to invest in ANTHEALTH.

17. Defendant James Den Boer represented to Dr. Sasseville that Defendant James Den Boer had full authority to sell immediately to Superior Agronomy a ten percent share of ownership of ANTHEALTH for $100,000.

18. Defendant James Den Boer knew he did not have authority to sell a ten percent share

3

of ownership of ANTHEALTH. Defendant James Den Boer had no reasonable ground for believing he had authority to sell a ten percent share of ownership of ANTHEALTH.

19.    Defendant James Den Boer intended by misrepresenting Den Boer's authority to sell ANTHEALTH to Dr. Sasseville to induce Dr. Sasseville to invest in ANTHEALTH.

20.    On April 29, 2012, Defendant James Den Boer and Dr. Sasseville executed a purchase agreement ("Purchase Agreement") whereby Defendant James Den Boer purported to sell to Superior Agronomy ten percent ownership of ANTHEALTH for $100,000. A copy of the purchase agreement is attached as Exhibit B.

21.    By terms of the purchase agreement, Defendant James Den Boer promised to execute "title, shares or other legally binding documentation of ownership" to Superior Agronomy with fifteen days of payment, and the $100,000 purchase price was to be refunded to Superior Agronomy if the sale of ANTHEALTH to APM did not occur on or about June 1, 2012.

22.    Pursuant to the Purchase Agreement, Superior Agronomy wired $100,000 to the bank account of ANTHEALTH at Security Savings Bank of Larchwood, Iowa, on April 30, 2012. A copy of the wire transfer authorization and advice are attached as Exhibit C.

23.    Dr. Sasseville relied upon the Purchase Document described in Exhibit A and the above misrepresentations of Defendant James Den Boer as to the ownership, authority to sell, market position of and investor interest in ANTHEALTH as essential bases for his execution of the Purchase Agreement communicated in Exhibit B.

24.    Defendant James Den Boer never executed any documentation of ownership for Superior Agronomy as promised in the Purchase Agreement.

25.    The purchase of ANTHEALTH by APM did not occur on or about June 1, 2012.

4

26.     ANTHEALTH never paid back, returned, refunded nor offered to pay back, return or refund the $100,000 purchase price to Superior Agronomy.

27.     Sometime in May 2012, ANTHEALTH, in exchange for a personal note from Defendant James Den Boer, made a payment of $80,000 to U.S. Bank to settle a personal home equity line of credit in the name of Defendant James Den Boer. The payment of $80,000 was by check signed by ANTHEALTH president Sarah Vander Pol.

28.     On May 13, 2014, the members of APM, including Defendant James Den Boer, voted to dissolve the company. Neither Superior Agronomy nor Dr. Sasseville individually was informed of this dissolution.

29.     In April 2015, Dr. Sasseville sent notice to Defendant James Den Boer that he considered the Purchase Agreement null and void and that Dr. Sasseville requested repayment by ANTHEALTH of the $100,000 advanced by Superior Agronomy as soon as possible.

30.     In June 2015, Defendant James Den Boer replied to Dr. Sasseville that the deal was closer to completion than ever before. Defendant James Den Boer made no mention nor explanation of the dissolution of APM.

31.     In September 2015, Dr. Sasseville learned from the former managing member of APM of the dissolution of APM. At the same time, Dr. Sasseville learned that the purported Purchase Document described in Exhibit A, on which Superior Agronomy had relied in attempting to make its purchase of ten percent of ANTHEALTH, was not a bona-fide contract, and that this was known by all the members of APM.

32.     Superior Agronomy, by James Den Boer's deception of Superior Agronomy's Managing Member, and the Managing Member's reliance on that deception in his acts as Managing

5

Member of Superior Agronomy, was induced to act to its detriment in executing Exhibit B and advancing $100,000 to ANTHEALTH.

## COUNT I-FRAUDULENT MISREPRESENTATION

32. Superior Agronomy realleges and incorporates the allegations made above as though fully set forth herein.

32. Defendant James Den Boer made repeated, false, and material representations of the intent of APM, of which he was a member, to acquire ANTHEALTH with the knowledge that APM had no such intent.

33. Defendant James Den Boer suppressed the material fact that APM had issued the purported purchase agreement described in Exhibit A with the affirmative intent that no such purchase of ANTHEALTH would be made with the knowledge that APM had such affirmative intent not to acquire ANTHEALTH.

34. Defendant James Den Boer falsely represented the material fact that he had authority to sell ten percent of ANTHEALTH for $100,000 and to execute an agreement to that end with the knowledge that he had no such authority.

35. Defendant James Den Boer intended by these representations to deceive Superior Agronomy and to induce it to alter its position by signing the purchase agreement demonstrated by Exhibit B and by transferring money to ANTHEALTH to purchase ten percent of ANTHEALTH, which money Defendant James Den Boer then converted for his personal benefit.

36. Superior Agronomy justifiably relied on all of these material misrepresentations and omissions in making its decision to sign the Purchase Agreement and to wire the sum of $100,000 to the account of ANTHEALTH.

6

37.     As a direct and proximate result of these fraudulent misrepresentations, Superior Agronomy has suffered damages in excess of $100,000 due to the loss of the sum advanced and the interest otherwise to have been earned on that amount.

38.     Because the loss by Superior Agronomy of $100,000 was complete upon wiring of the funds to ANTHEALTH, the loss of interest has been suffered by Superior Agronomy since the date of wiring of the funds, April 30, 2012.

## COUNT II-SECURITIES FRAUD

39.     Superior Agronomy realleges and incorporates the allegations made above as though fully set forth herein.

40.     The ownership share of ANTHEALTH that Defendant James Den Boer purported to sell Superior Agronomy was an interest in a limited liability company and therefore a security under the Uniform Securities Act of 2002.

41.     Defendant James Den Boer made numerous false statements of material fact and omitted material facts in connection with the offer of that security as described in ¶¶ 7-38 above.

42.     Superior Agronomy and Dr. Sasseville did not know of the untruth of the material misrepresentations made by Defendant James Den Boer nor of the material omissions made by Defendant James Den Boer.

43.     ANTHEALTH and Defendant Sarah Vander Pol as president of ANTHEALTH controlled Defendant James Den Boer as an employee and manager of ANTHEALTH.

44.     Superior Agronomy tendered any ownership interest it possessed in ANTHEALTH back to ANTHEALTH by Dr. Sasseville's communication to Defendant James Den Boer detailed in ¶ 29 above.

7

45.     Defendant James Den Boer, ANTHEALTH, and Defendant Sarah Vander Pol are therefore jointly and severally liable to Superior Agronomy for the recovery of the $100,000 advanced by Superior Agronomy, interest at the legal rate since April 30, 2016, costs, and reasonable attorney fees as determined by the court.

## COUNT III-RESCISSION

46.     Superior Agronomy realleges and incorporates the allegations made above as though fully set forth herein.

47.     Superior Agronomy's consent to the purchase agreement illustrated by Exhibit B was obtained through the fraudulent representations and omissions made by Defendant James Den Boer demonstrated above.

48.     Defendant James Den Boer intended by these representations to induce Superior Agronomy to alter its position by signing the purchase agreement demonstrated by Exhibit B and by transferring money to ANTHEALTH to purchase ten percent of ANTHEALTH, which money Defendant James Den Boer then converted for his personal benefit.

49.     Because Superior Agronomy relied on Defendant James Den Boer's fraudulent representations in entering into the purported purchase agreement attached as Exhibit B, Superior Agronomy is entitled to rescission of the agreement.

## COUNT IV-CONVERSION

50.     Superior Agronomy realleges and incorporates the allegations made above as though fully set forth.

51.     Because of the fraudulent misrepresentations providing grounds for rescission of the Purchase Agreement and because of the voiding of the contract under its own terms upon the failure

8

of APM to acquire ANTHEALTH, Superior Agronomy had at all times a possessory right to the $100,000 it had advanced to ANTHEALTH.

52. Defendants ANTHEALTH, James Den Boer and Susan Vander Pol, in retaining the funds from Superior Agronomy and in conveying $80,000 from the account of ANTHEALTH to U.S. Bank for the personal benefit of Defendant James Den Boer upon the receipt of the funds from Superior Agronomy as described in ¶ 27 above, did so completely and wrongfully interfere with Superior Agronomy's rights in the money transferred by Superior Agronomy to constitute a conversion of the $100,000 advanced by Superior Agronomy.

## COUNT V-UNJUST ENRICHMENT

53. Superior Agronomy realleges and incorporates the allegations made above as though fully set forth.

54. Because of the fraudulent manner in which the transfer of the $100,000 to the account of ANTHEALTH, Defendant ANTHEALTH has been unjustly enriched by the $100,000 transferred to its account.

55. In justice and fairness, Defendants must pay Superior Agronomy for benefit they received from the funds transferred by Superior Agronomy.

56. To the extent Defendants Sarah Vander Pol and James Den Boer have personally received any amount transferred from that $100,000, as in the case of the $80,000 transfer described in ¶ 27 above, they too have been unjustly enriched at the expense of Superior Agronomy.

## COUNT VI-INTENTIONAL FRAUD AND WILLFUL AND WANTON DISREGARD FOR RIGHTS OF PLAINTIFF

57. Superior Agronomy realleges and incorporates the allegations made above as though fully set forth.

9

58.    In making the fraudulent representations and omissions detailed in ¶¶ 7-49 above,

Defendant James Den Boer repeatedly acted intentionally and fraudulently, and in willful and wanton

disregard for the rights of Superior Agronomy.

59.    In obtaining and keeping the benefits of the unjust enrichment detailed in ¶¶ 53-56,

and effecting the conversion of $80,000 of the funds advanced by Superior Agronomy to the personal

benefit of Defendant James Den Boer detailed in ¶¶ 27 and 50-52 above, Defendant James Den Boer,

ANTHEALTH, and Defendant Sarah Vander Pol acted in willful and wanton disregard for the rights

of Superior Agronomy.

60.    In making continuing misrepresentations into 2015 regarding the validity of the

nonexistent plan by APM to acquire ANTHEALTH as detailed in ¶¶ 28-30, Defendant James Den

Boer acted in willful and wanton disregard for the rights of Superior Agronomy.

## PRAYER FOR RELIEF

**WHEREFORE**, Superior Agronomy respectfully prays that this Honorable Court enter

judgment for violations of the South Dakota Uniform Securities Act against all Defendants jointly

and severally for:

1.    $100,000, the amount transferred from Superior Agronomy to
      ANTHEALTH,

2.    Interest at the legal rate from April 30, 2016,

3.    Costs and reasonable attorney fees as determined by the court,

4.    Punitive damages as permitted by S.D.C.L. § 21-3-2,

5.    For any other and further relief which the Court determines is just and proper.

In the alternative, Superior Agronomy requests judgment

1.  Against Defendant James Den Boer and ANTHEALTH jointly and severally for fraudulent misrepresentation in the amount of $100,000 plus interest at the applicable rate, and punitive damages as permitted by S.D.C.L. § 21-3-2;

2.  Granting equitable relief in the form of rescission of the Purchase Agreement;

3.  Granting equitable relief in the form of a constructive trust upon the $100,000 advanced by Superior Agronomy to ANTHEALTH and its traceable proceeds;

4.  Against Sarah Vander Pol, jointly and severally with the last $80,000 to be recovered of the above judgments against Defendant James Den Boer and ANTHEALTH, for conversion in the amount of $80,000 plus interest at the applicable rate and punitive damages as permitted by I.C.A. § 668A;

5.  For any other and further relief which the Court determines is just and proper.

In the alternative, Superior Agronomy requests judgment

1.  Granting equitable relief in the form of rescission of the Purchase Agreement;

2.  Granting equitable relief in the form of a constructive trust upon the $100,000 advanced by Superior Agronomy to ANTHEALTH and its traceable proceeds;

3.  Granting equitable relief in the form of a judgments against ANTHEALTH and Defendant James Den Boer jointly and severally for restitution in the amount of $100,000 plus interest at the applicable rate and punitive damages as permitted by S.D.C.L. § 21-3-2, the total amount reduced by any amount recoverable from the constructive trust immediately above;

11

3.     Against Sarah Vander Pol, jointly and severally with the last $80,000 to be

recovered of the above judgments against ANTHEALTH and Defendant

James Den Boer, for conversion in the amount of $80,000 plus interest at the

applicable rate and punitive damages as permitted by S.D.C.L. § 21-3-2;

4.     For any other and further relief which the Court determines is just and proper.

Dated this 3rd day of August, 2016.

Steven K. Huff
Paul T. Van Olson
Johnson, Miner, Marlow, Woodward & Huff, Prof. LLC
PO Box 667
200 W. Third St.
Yankton, SD 57078
Telephone: (605)665-5009
Facsimile: (605)665-4788
Email: steve@jmmwh.com, paul@jmmwh.com

Attorneys for the Plaintiff